## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DENIS GERARDO BARRIOS**,　　　　　　　:
　　　　　　　　Petitioner,　　　　　　　:　　　　No. 26-cv-2724-JMY
　　　　　　　　　　　　　　　　　　　　:
　　　　vs.　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
**J.L. JAMISON**, Warden, Federal Detention　:
Center, Philadelphia, *et al.*　　　　　　　:
　　　　　　　　Respondents.　　　　　　:

## ORDER

**AND NOW**, this 28th day of April 2026, upon consideration of the Petition for Writ of Habeas Corpus (Petitioner, ECF No. 1), and the Government's Response in Opposition to the Petition for Writ of Habeas Corpus (ECF No. 4), it is hereby **ORDERED** that the Petition is **GRANTED** as follows.

1.　　　　Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2.　　　　The Government shall **RELEASE** Petitioner from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **5:00 p.m. ET on May 1, 2026**;

3.　　　　If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, where an Immigration Judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

4.　　　　If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), the Government cannot remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the

Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances arise that require him to be removed.  Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioner; and

5.    The Clerk of Court shall mark this case closed.[1]

**IT IS SO ORDERED**.

BY THE COURT:

_/s/ John Milton Younge_
**Judge John Milton Younge**

---

[1]  Petitioner, Denis Gerardo Barrios, is a native of Honduras who is in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").  (Petition ¶ 1.)  On April 22, 2026, DHS detained Petitioner while he was on his way to work at around 7:00 a.m. in the morning.  (*Id.* ¶ 2.)  Petitioner remains detained pending the outcome of immigration removal proceedings because DHS has taken the position that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).  (*Id.*; Response in Opposition.)

The Government does not object to Petitioner's contention that he left his country of birth and entered the United States at the southern border over 20 years ago.  (Petition ¶ 17; Response in Opposition page 3.)  Petitioner alleges that prior to being detained, he had lived with his wife in Upper Darby, Pennsylvania for over 20 years.  (Petition ¶¶ 1, 18.)  Petitioner further avers that he has been stably employed in the construction industry which allows him to support his wife and children.  Petitioner also claims that he regularly attends services and events at a local church.  (*Id.* ¶ 19.)

The gravamen of Petitioner's claim is that he is not subject to mandatory detention without the opportunity for a bail hearing under 8 U.S.C. § 1225(b) because that provision applies only to non-citizens who are "seeking admission" to the United States, rather than to non-citizens who have already been present in the country for a number of years. The Government candidly acknowledges that the substantial weight of district court authority rejects its argument to the contrary.  (Response in Opposition pages 3, 6 (referencing the more than 250 decisions in this district that have rejected the Government's position).)

The Court finds no reason to reiterate our colleagues' thorough and reasoned analyses on this issue.  *See e.g.*, *Demirel v. Federal Detention Center Philadelphia*, 2025 WL 3218243, * 4 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Del Cid v. Bondi*, No. 25-cv-304, 2025 WL 2985150, *16 n.7 (W.D. Pa. October 23, 2025); *JAM. V. Streeval*, No. 25-cv-342, 2025 WL 3050094, *3 (M.D. Pa. November 1, 2025); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D. Pa. Nov. 13,

2025). The Petition is reviewable, and Petitioner is not subject to 8 U.S.C. § 1225(b)(2), thus making his detention without the opportunity for a bail hearing unlawful. The out-of-circuit appeals decisions adopting the Government' position are unpersuasive to this Court. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026).